AGUSTÍN BLANCO ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 1257.   Submitted November 7, 1949.—Decided November 28, 1949.

*Gabriel de la Haba* for appellant.   The Registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The instant appeal is a sequel to that in which under the same title we rendered an opinion on May 24, 1949, in the

case of *Blanco* v. *Registrar, ante,* p. 16. In that case a deed of life annuity was presented for record to the Registrar of Property of San Juan, whereby Agustín Blanco Géigel and his wife, Ana María Cestero Padilla, conveyed in favor of Ana María and María Teresa Blanco Cestero a house and lot owned by them and which was worth $12,000 in consideration of a life annuity of $600 a year which the latter were bound to pay to the transferors during the lives of both of them. Upon presentation of said deed in the registry record thereof was refused as the Registrar considered that the transaction carried out under the name of life annuity constituted a gift or in any event a transfer for a price less than its fair value, as it was shown from the deed itself and from the provisions of Act No. 99 of 1925, as subsequently amended, and because when the foregoing ruling was notified to the attesting notary the latter requested that record be denied and refused at the same time to produce the certificate issued by the Treasurer of Puerto Rico showing the payment of the corresponding tax or of the tax exemption, as the case may be. In deciding this appeal, we stated among other things, the following:

"We agree with the appellants that a contract of life annuity is aleatory and that its value to the transferee is uncertain since the period during which he must pay the annuity is undetermined. And if the annuity is higher than the rental value of the property transferred in exchange for the annuity, the transaction might turn out to be a losing rather than a gainful proposition for the debtors if the transferor lives for a long period. Under those circumstances, it could be argued with some force that such a contract of life annuity does not on its face fall within the definition of a 'gift' found in § 1(a) of Act No. 303.

"But here the deed recites that the house and lot, located in an urban area, is valued at $12,000, whereas the annuity is only $600 a year, or 5 per cent a year on the value of the property. That sum is, for present purposes at least, *prima facie* less than the rental value of the property. Cf. Act No. 5, Laws of Puerto Rico, 1933, Sp. Sess., providing that 6 per cent constitutes the legal rate of interest and also providing that 8 per

cent may be charged by special agreement for loans in excess of $3,000. Consequently, although the debtors might be receiving less than they had anticipated if the transferors happened to live beyond their life expectancy, at the time of execution of the deed they apparently received property for less than its fair value. That is to say, provided the annuity is less than the revenue that the value of the thing transferred could produce, one who receives property subject to payment of an annuity cannot be heard to say he received nothing whatsoever of value merely because of the possibility that the recipient of the annuity may live longer than expected.

"   .    .    .    .    .    .    .    .    .

"The appellants correctly argue that it is not the function of the Registrar to determine the value of real property. But here the Registrar is not undertaking to fix the value of the house and lot. He is accepting the figure of $12,000 recited in the deed as the value of the property; but he is complying with the duty placed on him by § 12 of Act No. 99 of 1925, as amended by § 2 of Act No. 189 of 1948, to refuse to record a deed unless accompanied by a certificate from the Treasurer where on its face the deed appears to provide for a transfer of real property for less than its fair value."

Subsequent to said opinion the contracting parties executed a new deed of "Modification of Contract of Life Annuity." In said deed they ratify the main conditions of the contract already entered into, they repeat that the value of the house and lot is $12,000 and state that the same is leased for a monthly rental of $75, which after the payment of taxes, maintenance, and depreciation is deducted, shows a net monthly income of only $60; that the transferees are daughters of the transferors; that they bind themselves to pay to the latter a life annuity of $960 during the lifetime of either of them and that the rent as modified shall have retroactive effect, the difference therein having been paid from the day of the execution of the original deed.

Upon presentation of this new deed at the registry record thereof was denied "as from the modification of the contract

of life annuity set forth in deed 24 of June 7 of the current year before Notary Gabriel de la Haba which is accompanied as supplementary to the main contract, it appears even more clearly that in this last contract, the property, the object of the record, is transferred for less than its fair value in accordance with the provisions of Act No. 303 of 1946, as amended by Acts Nos. 432 of 1947 and 189 of 1948 and the case of *Blanco* v. *Registrar* of May 24, 1949. . . ." .

Once more the contracting parties have resorted to this Court with the remedy granted to them by Act of March 1, 1902 (Sess. Laws, p. 312), Rev. Stat. of 1911, §§ 2180 *et seq.*, p. 450.

Section 12 of Act No. 99 of August 29, 1925 (Sess. Laws, p. 790), as amended by No. 189 of May 13, 1948 (Sess. Laws, pp. 526, 528), provides that ". . . no registrar shall record in the registry under his charge any gift inter vivos unless upon presentation of the receipt issued by the Treasurer of Puerto Rico, showing that the tax on said gift has been paid." On the other hand, § 1 of Act No. 303 of April 12, 1946 (Sess. Laws, p. 782) amending Act No. 99 of 1925, *supra*, provides among other things in its first Section that: "When a property is transferred for less than its fair value, either in money or money's worth or by exchange. . . shall be considered a gift. . . ." Therefore, the only question to be determined again in this appeal is whether the contract entered into by Agustín Blanco Géigel, his wife, and their two daughters, such as the same has been modified by deed No. 24 of June 7, 1949 above summarized, constitutes a gift pursuant to the amendment of 1946, *supra*, and, hence, whether or not the Registrar was correct in refusing to record it unless a tax receipt issued by the Treasurer showing the payment of the tax is presented to him.

In the deed originally executed it was stated that the price of the real property conveyed was $12,000 and that the life annuity that the transferees bound themselves to pay

to the transferors was $600 a year. In the explanatory deed the value of the property conveyed continues being the same and the life annuity has been raised to $960 a year. In the light of the context of our original opinion we are now of the opinion that the Registrar should have made the record sought for the reasons which we shall state below:

The rental value of the property is $75 monthly, which amount, according to the terms of the deed, after several discounts which are mentioned, shows a net monthly income of $60. Since the life annuity to be paid is the annual sum of $960 equivalent to a monthly rental of $80, it is unquestionable that the same is higher than the rents of the property conveyed. Furthermore, if the value of the house is $12,000 and the rental to be paid is $960 the revenue to be produced by the thing transferred is not less than that authorized by the statute. Cf. Act No. 5 of August 17, 1933, (Spec. Sess. Laws, p. 26).

However the Registrar contends in his brief, among other things, that inasmuch as the net rental produced by the property is $60 monthly and the life annuity which the debtors bound themselves to pay to the transferors is $80, the former are in fact only paying a rental of $240 a year and that if this sum is multiplied by 20 years, the life expectancy of the younger of the recipients of the rent, we would have a total of $4,800 which is actually the amount that would be paid for the property and that since the property has a value of $12,000 it clearly appears from the calculations of the appellants that they are paying $7,200 less than the value of the property, all this constituting in his judgment a gift. We do not agree. The statute merely provides in connection with the question involved that when a property is transferred for less than its fair value it shall be considered that the alienation constitutes a gift and that in such case the Registrar shall not record the same unless the corresponding tax receipt issued by the Treasurer of

Puerto Rico is presented to him. However, from our original opinion it appears that the test to be followed in this kind of cases is rather whether the life annuity is equivalent to the revenue produced by the value of the property. If it is so, the transaction does not constitute a gift. Since in this case the life annuity to be paid is equivalent to the rate of interest fixed by the Act, it is not possible to state that the transfer of the property is being made for less than its fair value.

Of course, the conclusion reached by us herein does not mean that if after an investigation the Treasurer reaches the conclusion that the property has been transferred for less than its fair value, he may not impose and collect the tax fixed by law. That is, of course, a question to be decided in an independent proceeding. At the time being, we are only deciding the appeal in the light of what appears from the face of the document presented for record.

The ruling appealed from will be reversed and the record sought made.